ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| JOSÉ G. BAREA FERNÁNDEZ; FLOR PHILIPPI; FLOR DELGADO PHILIPPI; HAYDEE DELGADO PHILIPPI Y SANDRA T. CAMUÑAS CÓRDIVA<br><br>Recurrentes<br><br>v.<br><br>JUNTA DE DIRECTORES Y CONSEJO DE TITULARES DEL CONDOMINIO SOL Y PLAYA Y EL CONSEJO DE TITULARES DEL CONDOMINIO SOL Y PLAYA<br><br>Recurridos | TA2025RA00218 | Recurso de Revisión Procedente del Departamento de Asuntos del Consumidor<br><br>Caso Núm.:<br>C-SAN-2021-0009925<br>C-SAN-2021-0010061<br>C-SAN-2021-0002657<br><br>Sobre:<br>Ley Condominios (Ley Núm. 104 de 25 de junio de 1958, según enmendada) |

Panel integrado por su presidenta la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 31 de octubre de 2025.

Comparecen, José G. Barea Fernández, Flor Philippi, Flor Delgado Philippi, Haydee Delgado Philippi y Sandra T. Camus Córdova (los Recurrentes y/o Querellantes), quienes solicitan que revisemos la *Resolución* que emitió el Departamento de Asuntos del Consumidor (DACo) el 30 de junio de 2025. Mediante esta, el DACo desestimó las querellas que presentaron los recurrentes.

Por las razones que exponemos *Confirmamos* la resolución recurrida.

## I.

Los recurrentes son titulares del Condominio Sol y Playa en el Municipio de Rincón (Condominio). El 29 de enero de 2021, el Condominio obtuvo el permiso de construcción consolidado número 2020-344034-PCOC-010841 para la remodelación de una

nueva piscina, jacuzzi, baños, gazebos, reparación de aceras existentes y construcción de nuevas aceras en un área actualmente ocupada por las facilidades recreativas del Condominio.[1] A raíz de varias querellas, el 3 de agosto de 2021, la Junta de Planificación revocó el mencionado permiso.[2]

Así las cosas, el 6 de agosto de 2021, la Junta de Planificación (Junta), demandó en el Tribunal de Aguadilla, al Consejo de Titulares del Condominio Sol y Playa Corp., en la causa civil AG2021CV00945 sobre *Sentencia Declaratoria e Injunction*. La Junta señaló que la parte demandada obtuvo el permiso de construcción consolidado número 2020-344034-PCOC-010841 y que había recibido querellas relacionadas a las construcciones[3].

Mientras tanto, el 8 de agosto de 2021, el presidente de la Junta de Directores del Condominio convocó a una Asamblea Extraordinaria que se llevaría a cabo en Mayagüez, Puerto Rico, el 14 de agosto de 2021. Entre los asuntos a discutirse se encontraban la aprobación de derrama para pago de costos relacionados a las acciones para impedir las obras de reconstrucción y gastos legales; aprobación de contratación de abogados y peritos para demanda presentada por la Junta de Planificación.[4]

Según pautado, el 14 de agosto de 2021, se celebró la asamblea extraordinaria. Surge de la *Minuta*[5] que, "[e]l Presidente, Dr. Carlos Torres, presentó la cronología de hechos relacionados a la reconstrucción de las áreas comunes desde el día 5 de octubre de 2019 hasta el día 6 de agosto de 2021." Además, se, "[i]nformó sobre la contratación de la Lcda. Shirley

---

[1] Sentencia emitida en el caso AG2021CV00945. Ver recurso de Revisión Administrativa, pág. 16 y SUMAC TA, apéndice 30.
[2] SUMAC TA, apéndice 29.
[3] SUMAC TA, apéndice 30.
[4] SUMAC TA, apéndice 17.
[5] SUMAC TA, apéndice 18.

para representarnos ante el DRNA.  El secretario, Norman Irizarry informó sobre la tarifa por hora de la Lcda. Vokac."  En la asamblea, "[s]e aprobó la contratación de la Lcda. Leonor Porrata Doria con 36 votos a favor y 5 votos en contra. Los votos en contra fueron los titulares de los apartamentos 104, 107, 211, 305, y 307."[6]  En cuanto al informe sobre la situación financiera y la solicitud de derrama, el Secretario de la Junta de Directores, Lcdo. Norman Irizarry, informó que, "hacía falta el monto de $176,221.00 para cubrir los gastos incurridos por las interrupciones de las obras de construcción y la contratación de los servicios legales, guardias de seguridad, y asesores."[7] La derrama propuesta "se aprobó con 36 votos a favor y 5 votos en contra.  Los votos en contra fueron los titulares de los apartamentos 104, 107, 211, 305, y 307."[8]

Insatisfechos, el 13 de septiembre de 2021, los titulares del Condominio Sol y Playa en Rincón, Sandra T. Camuñas, Flor Delgado Philippi y José Barea, presentaron sus respectivas querellas ante el DACo.[9]  Adujeron que el 3 de agosto de 2021, la Junta de Planificación revocó el permiso de construcción.  Que el 14 de agosto de 2021, se celebró una asamblea en Mayagüez, en la cual se aprobaron resoluciones contrarias a la ley y al reglamento del Condominio.  El remedio que solicitaron fue el siguiente:

> Las resoluciones aprobadas en la asamblea celebrada el día 14 de agosto de 2021 son contrarias a la ley y al reglamento por, entre otras, las siguientes razones (i) La asamblea no se celebró en Rincón: (ii) La "convocatoria" para la asamblea del 14 de agosto de 2021 es defectuosa, no se relaciona en la misma las cantidades específicas las derramas y la obligación de cada uno de los apartamentos, tampoco se sometieron documentos en apoyo: (iii) La resolución ratificando el uso de los dineros recaudados es nula la

---

[6] Íd.
[7] Íd.
[8] Íd.
[9] SUMAC TA, apéndice 7.  En el apéndice 1 consta, también, la querella de Barea Fernández y en el apéndice 8, la querella de Sandra Camuñas.

misma por tratarse del uso de los dineros recaudados como consecuencia de la derrama para mejoras aprobada el 5 de octubre de 2021, requiere unanimidad; (iv) La resolución autorizando la contratación de representación legal es contraria a derecho pues no se sometió contrato, ni propuesta, ni cuantía para esa contratación; (v) Aprobación de una derrama ilegal de $176,22 1.00: (vi) La Junta de Directores solicitó y aprobó una derrama ($176,221.00) sin notificar a los condóminos los estados financieros correspondientes a los años 2019-2020 & 2020-2021, acto Contrario a la ley: (vii) La Junta de Directores solicitó y aprobó una derrama ($176,221.00) sin notificar a los condóminos los presupuestos operacionales 2020 2021 & 2021-2022, acto contrario a la ley: (viii) La Junta se niega a entregar documentos al querellante del epígrafe. [……..]

Las determinaciones tomadas en la asamblea celebrada el día 14 de agosto de 2021 son ilegales y/o contrarias a derecho. La derrama no procede. Además, se solicita que se ordene a la Junta de Directores a entregar los documentos solicitados por el querellante a la brevedad.

Luego de ello, el 14 de febrero de 2022, en la causa AG2021CV00945, el Tribunal de Primera Instancia, declaró *Ha Lugar* la demanda que presentó la Junta de Planificación contra el Consejo de Titulares del Condominio Sol y Playa. Consecuente, declaró nulo el permiso de construcción 2020-344034-PCOC-010814. Además, ordenó la paralización y demolición de cualquier obra de construcción realizada bajo ese permiso y la remoción de los escombros.[10]

Posteriormente, el 28 de febrero de 2023, el DACo emitió una *Resolución Sumaria,* mediante la cual declaró nula la derrama que había sido aprobada el 5 de octubre de 2019. Así también, ordenó al Condominio recurrido devolver a los querellantes el dinero por concepto de la derrama anulada.[11]

---

[10] El 29 de abril de 2022, en la causa KLAN202200138, un panel del Tribunal de Apelaciones confirmó la sentencia del foro primario. A su vez, el 6 de junio de 2022 el Tribunal Supremo de Puerto Rico, caso CC-2022-329, declaró No Ha Lugar los recursos de Certiorari y Auxilio de Jurisdicción que presentó la parte recurrida, ver Recurso de Revisión Judicial, página 17.

[11] Tomamos conocimiento judicial de la causa KLRA202500174, instada por Flor Philippi, Flor Delgado y Haydee Delgado contra la Junta de Directores Condominio Sol y Playa y Consejo de Titulares del Condominio Sol y Playa.

Mientras tanto, en la acción de epígrafe, el 14 de agosto de 2023, el DACo consolidó las querellas.[12]  Luego de celebradas las vistas y, conforme al expediente administrativo, el 30 de junio de 2025, el DACo emitió una *Resolución* mediante la cual desestimó las querellas.  Allí plasmó los siguientes hechos:

> 1. La parte co-querellante, José G. Barea Fernández, es titular del apartamento 305 en el Condominio Sol y Playa, localizado en Rincón, Puerto Rico.
>
> 2. La parte co-querellante Flor Delgado Philippi, es titular en común proindiviso del apartamento 211 en el Condominio Sol y Playa, localizado en Rincón, Puerto Rico. Las demás titulares no comparecieron. Vigente desde el 12 de julio de 2011.
>
> 3. La parte querellante, Sandra T. Camuñas es titular en el apartamento 104 en el Condominio Sol y Playa, localizado en Rincón, Puerto Rico. La Sra. Sandra T. Camuñas no compareció a las vistas celebradas.
>
> 4. El Condominio Sol y Playa está sometido al régimen de propiedad horizontal y consta de 69 apartamentos residenciales. El mismo fue sometido al régimen mediante la escritura número 59, sobre Escritura matriz de dedicación al régimen de propiedad horizontal, otorgada el 26 de agosto de 1998 ante el notario Luis M. Ferrer Dávila.
>
> 5. Mediante convocatoria con fecha del 8 de agosto de 2021, el Presidente de la Junta de Directores, Carlos Torres Salich convocó una Asamblea Extraordinaria del Consejo de Titulares a celebrarse el 14 de septiembre de 2021 a las 10:00 de la mañana. De la agenda a discutirse se encontraba la aprobación de una derrama para acciones para impedir las obras y gastos legales.
>
> 6. El 6 de agosto de 2021 la Junta de Planificación del Gobierno de Puerto Rico demandó al Consejo de Titulares del Condominio Sol y Playa.
>
> 7. El 14 de septiembre de 2021 se celebró la asamblea extraordinaria en la que se discutieron en lo pertinente, el informe de situación financiera actual y solicitud de derrama.
>
> 8. La Asamblea extraordinaria tuvo el quorum requerido.
>
> 9. En esa asamblea extraordinaria el Consejo de Titulares, mediante el voto mayoritario, aprobó una derrama de gastos legales del caso en el Tribunal de Primera Instancia y el Departamento de Recursos

---

[12] SUMAC TA, Apéndice 4.

Naturales y ratificó la contratación de las representaciones legales.

10. La derrama se aprobó con 36 votos a favor y 5 votos en contra.

11. La parte co-querellante Flor Delgado Philippi declaró que compareció a la asamblea extraordinaria de forma personal, mientras que el querellante José G. Barea Fernández, declaró que compareció mediante proxy.

12. Los co-querellantes votaron en contra de la aprobación de la derrama.

13. El día 13 de septiembre de 2021, la parte co-querellante José Barea presentó ante este Departamento la querella número C-SAN-2021-0010061. En dicha querella impugnó la aprobación de la derrama de gastos legales por entender que es contraria a la ley y al reglamento. Además, expuso que se tenían que entregar los estados financieros para que se pudiera aprobar una derrama.

14. El día 13 de septiembre de 2021, la parte co-querellante Flor Delgado Philippi presentó ante este Departamento la querella número C-MAY-2021-0002657. En dicha querella impugnó la aprobación de la derrama aprobada en la asamblea de 14 de agosto de 2021.

15. El día 13 de septiembre de 2021, la parte co-querellante Sandra T. Camuñas presentó ante este Departamento la querella número C-SAN-2021-0009925. En dicha querella impugna la aprobación de la derrama aprobada en la asamblea de 14 de agosto de 2021.

16. Luego de varios trámites procesales, los días 25 de mayo de 2023, 16 de octubre de 2023, 14 de noviembre de 2023 y 19 de diciembre de 2023 se celebró la vista adjudicativa.

17. A la vista compareció la Sra. Flor Delgado Philippi representada por el Lcdo. José F. Barea Fernández, el Lcdo. Daniel Matos Meléndez, representando al Lcdo. José F. Barea Fernández como titular, la Lcda. Amy A. Ruiz Goyco en representación del Condominio Sol y Playa, el Secretario de la Junta de Directores, Jaime Irizarry y la Vice presidenta de la Junta de Directores Ignari Acevedo Rosario.

18. Como parte de los trámites procesales en este caso la parte querellada proveyó el contrato de acuerdo de pago de la Lcda. Shirley Vocak y varios cheques pagados.

Luego de evaluar el derecho de Condominios, el DACo decretó lo siguiente:

En el presente caso el Presidente de la Junta de Directores, Carlos Torres Salich convocó una Asamblea Extraordinaria del Consejo de Titulares a celebrarse el 14 de septiembre de 2021 a las 10:00 am. La convocatoria de la asamblea incluyó como uno de los temas de la agenda la aprobación de una derrama de costos para impedir las obras de reconstrucción como guardias de seguridad y gastos legales. Las partes querellantes fueron debidamente convocadas y comparecieron de forma presencial y mediante proxy. La derrama fue aprobada por la mayoría de los miembros del Consejo de Titulares, con 36 votos a favor y 5 en contra. **La derrama aprobada no es una obra de mejora que requiera unanimidad**. Las partes querellantes presentaron una querella ante el DACO el 13 de septiembre de 2021. **Tanto del testimonio vertido en la vista como de la convocatoria y la Minuta presentada por la parte querellante surge que la aprobación respondió a medidas como la contratación de guardias de seguridad, la contratación de representantes legales, y asesores para atender los asuntos del Condominio en ese momento**. **La derrama tuvo un propósito legítimo**. El hecho de que las partes querellantes votaran en contra de la aprobación de la derrama no los exime del mandato mayoritario del Consejo de Titulares.

La Resolución Sumaria emitida por esta agencia el pasado 28 de febrero de 2023 eximió a los querellantes del pago de la derrama previamente aprobada para la construcción de un permiso que fue revocado. **Dicha Resolución Sumaria no se extiende a ninguna otra derrama que el Consejo de Titulares, en virtud de la Ley de Condominios, haya aprobado, como la derrama aprobada el 14 de agosto de 2021.**

Más aun, luego de que se determinase que las obras para las cuales los querellantes impugnaron la derrama de la cual se les eximió, el Consejo de Titulares decidió continuar con el litigio mediante el proceso apelativo al cual toda parte tiene derecho.

Según surge de la prueba que obra en el expediente administrativo, la derrama aprobada por el Consejo de Titulares del Condominio Sol y Playa cumplió con las disposiciones de la Ley de Condominios. **La aprobación de la derrama tuvo un propósito legítimo y así surge de la Minuta y testimonios vertidos en vista adjudicativa**. (Énfasis nuestro). […]

### ORDEN

Se desestiman las querellas de epígrafe y se ordena el cierre y archivo de las mismas. La derrama fue aprobada por la mayoría de los miembros del Consejo de Titulares y la misma no es una obra de mejora, conforme dispone la Ley de Condominios.

En desacuerdo, los querellantes solicitaron reconsideración. Como DACo no actuó sobre esta, instaron un recurso de revisión judicial ante nos, en el que plantearon los siguientes errores:

**Primero**: Erró DACO al ratificar la resolución aprobada de manera ilegal el día 14 de agosto de 2021. Los actos nulos no producen efectos jurídicos.

**Segundo**: Erró el DACO al ratificar una resolución contraria al Artículo 65 de la Ley de Condominios que establece que la parte que prevalezca en cualquier reclamación no tendrá que contribuir a los gastos, honorarios legales, ni a la multa o penalidad que pudiera imponerse.

**Tercero**: Erró DACO al ratificar la una resolución (del 14 de agosto de 2021) que requería unanimidad.

La parte recurrida presentó su posición en torno al recurso. Con el beneficio de los escritos, disponemos.

## II.

## A.

Los tribunales apelativos, al momento de revisar las determinaciones administrativas, le conceden deferencia a las decisiones de las agencias en consideración a que estas poseen la experiencia y el conocimiento especializado sobre los asuntos que se les han delegado. Katiria's Café v. Mun. de San Juan, 2025 TSPR 33, 215 DPR __ (2025); Hernández Feliciano v. Mun. Quebradillas, 211 DPR 99, 114 (2023); Rolón Martínez v. Supte. Policía, 201 DPR 26, 35 (2018); Torres Rivera v. Policía de PR, 196 DPR 606, 626 (2016); Pagán Santiago et al. v. ASR, 185 DPR 341, 358 (2012). Por lo anterior, también se ha reiterado que las determinaciones administrativas están revestidas de una presunción de legalidad y corrección que debe ser respetada mientras la parte que las impugne **no produzca evidencia suficiente para derrotarlas**. Katiria's Café v. Mun. de San Juan, *supra*; OEG v. Martínez Giraud, 210 DPR 79, 89 (2022); Capó Cruz v. Junta de Planificación et al., 204 DPR 581, 591 (2020); Torres Rivera v. Policía de PR, *supra*; Trigo Margarida v.

Junta Directores, 187 DPR 384, 393-394 (2012). El criterio rector al revisar una actuación de la agencia recurrida es la razonabilidad de la acción impugnada. Katiria's Café v. Mun. de San Juan, *supra*; Torres Rivera v. Policía de PR, *supra*.

La Sección 4.5 de la Ley Núm. 38-2017, según enmendada, conocida como Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9675, y nuestra jurisprudencia limita la revisión judicial a los siguientes tres aspectos: "(1) que el remedio concedido por la agencia fue el apropiado; (2) que la revisión de las determinaciones de hecho esté conforme al criterio de evidencia sustancial, y (3) determinar si las conclusiones de derecho fueron correctas mediante su revisión completa y absoluta". Katiria's Café v. Mun. de San Juan, *supra,* citando a Pagán Santiago et al. v. ASR, 185 DPR 341, 358 (2012).

Cuando se trata de la credibilidad de los testigos, es norma asentada que los foros apelativos debemos otorgar gran deferencia a las determinaciones de hechos, la apreciación de la prueba testifical y las adjudicaciones de credibilidad que hacen los juzgadores. SLG Fernández-Bernal v. RAD-MAN et al., 208 DPR 310, 338 (2021); SLG Torres Matundan v. Centro Patología, 193 DPR 920, 933 (2015). Así pues, cuando las determinaciones se basen en prueba testifical desfilada en el proceso administrativo y la credibilidad que la misma le mereció al juzgador, es imprescindible que se traiga a la consideración del foro revisor la transcripción de la vista celebrada o una exposición narrativa de la prueba. En ausencia de tal prueba difícilmente se podrá descartar la determinación impugnada. Camacho Torres v. AAFET, 168 DPR 66, 92 (2006); véase, además, las Reglas 66 y 76 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42,

215 DPR ___ (2025), 4 LPRA Ap. XXII-B. Nuestra intervención con la prueba oral se tiene que fundamentar en un análisis independiente de la prueba desfilada y no conforme los hechos que exponen las partes. Hernández v. San Lorenzo Const., 153 DPR 405 (2001). Meras alegaciones o teorías no constituyen prueba. Asociación Auténtica Empl. v. Municipio de Bayamón, 111 DPR 527, 531 (1981).

En cuanto a las conclusiones de derecho, los tribunales apelativos tienen la facultad de revisarlas en todos sus aspectos. Vázquez et al. v. DACo, 2025 TSPR 56, 215 DPR ___ (2025); Otero Rivera v. USAA Fed. Savs. Bank, 214 DPR 473, 485 (2024). Así pues, la deferencia a la determinación de una agencia administrativa cederá cuando: (1) no está basada en evidencia sustancial; (2) el ente administrativo erró al aplicar o interpretar las leyes o los reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó de forma arbitraria, irrazonable o ilegal, realizando determinaciones carentes de una base racional, o (4) cuando la actuación administrativa lesiona derechos constitucionales fundamentales. (Énfasis nuestro). Hernández Feliciano v. Mun. Quebradillas, supra; Torres Rivera v. Policía de PR, supra, pág. 628.

**B.**

La Ley de Propiedad Horizontal, Ley Núm. 104 de 25 de junio de 1958, enmendada por la Ley Núm. 103 de 5 de abril de 2003, conocida como la Ley de Condominios, 31 LPRA sec. 1291 et seq., fue derogada por la Ley Núm. 129 de 16 de agosto de 2020, conocida como Ley de Condominios de Puerto Rico (Ley Núm. 129-2020). Ver, Con Tit. Centro Int'l Torre II v. PRCI, 210 DPR 403, 414 (2022).

Una de las figuras principales del régimen de propiedad horizontal es el Consejo de Titulares, organismo que tiene

personalidad jurídica propia, está integrado por todos los titulares y "constituye la autoridad suprema sobre la administración del inmueble sometido al Régimen de Propiedad Horizontal." Artículo 48 de la Ley de Condominios de 2020, 31 LPRA sec. 1922t; Artículo 38 de la Ley de Condominios, Ley 104-1958; ver, además, Pérez Riera v. Con. Tit. Cond. Marymar, 197 DPR 197, 204 (2017); Consejo Titulares v. Ramos Vázquez, 186 DPR 311, 326 (2012).  Entre los deberes y facultades del Consejo de Titulares a ese organismo le corresponde aprobar la ejecución de obras extraordinarias y mejoras, y recabar fondos para su realización conforme a los criterios elaborados en la ley. Artículo 49 (d), 31 LPRA sec. 1922u (d); Pérez Riera v. Con. Tit. Cond. Marymar, *supra*.

Según la Ley de Condominios de 2020, la **obra extraordinaria**, es toda obra de mantenimiento no prevista en el presupuesto anual, que requiera la imposición de una derrama para su ejecución.  Artículo 3(r), 31 LPRA sec. 1921b.  Para estas obras, "[e]l Director, el Presidente y/o el Tesorero podrán realizar retiros del fondo de reserva para costear este tipo de obra, previa autorización **mayoritaria** del Consejo de Titulares debidamente convocado en asamblea extraordinaria."  Artículo 49 (d)(1), Ley de Condominios 2020, *supra*.

Asimismo, son obras **urgentes** aquellas "cuya ejecución no pueda posponerse por razones apremiantes de **seguridad** o porque sea necesaria para la restitución de los servicios esenciales[…]". Artículo 3 (t) de la Ley de Condominios 2020. Para estas, se podrán realizar retiros del fondo de reserva para toda obra urgente no prevista en el presupuesto anual, previa autorización **mayoritaria** del Consejo de Titulares debidamente convocado en asamblea extraordinaria para atender este asunto

específico. Artículo 49 (d) (2) de la Ley de Condominios 2020; ver, además, Artículo 38, de la Ley de Condominios 104-1958.

Las **obras de mejora** se consideran que son toda obra permanente que no sea de mantenimiento, dirigida a aumentar el valor o la productividad de la propiedad en cuestión o a proveer mejores servicios para el disfrute de los apartamentos o de las áreas comunes. Artículo 3 (q) de la Ley de Condominios 2020. […] Se requerirá el consentimiento **unánime** del Consejo de Titulares cuando dichas obras de mejoras requieran derrama. Artículo 49 (d)(3) de la Ley de Condominios 2020, ver, además, el Artículo 38(d)(3), de la Ley de Condominios 104-1958; Pérez Riera v. Con. Tit. Cond. Marymar, *supra,* pág. 205-6*.*

El Tribunal Supremo en Pérez Riera v. Con. Tit. Cond. Marymar, *supra,* interpretando la anterior Ley de Condominios, Ley 104-1958, indicó que*,* las obras de mejora van dirigidas al "lujo u ornato o [a la] mera conveniencia [...]". Pérez Riera v. Con. Tit. Cond. Marymar, *supra*, citando a A. Ventura-Traveset y González, Derecho de propiedad horizontal, 4ta ed., Barcelona, Ed. Bosch, 1980, pág. 275.  Consecuentemente, el foro supremo afirmó que cuando se tratara de obras de mejoras, se requiere el consentimiento unánime de los titulares, cuando se determina costearlas mediante la imposición de una derrama. Pérez Riera v. Con. Tit. Cond. Marymar, *supra*, pág. 213.

Al aprobar la nueva Ley de Condominios de 2020, la legislatura aludió a la interpretación que realizó el Máximo Foro *en el caso Marimar Pérez Riera v. Consejo de Titulares del Condominio Marymar Condado, supra,* y estableció claramente mediante "el requisito del voto unánime **solo** en los casos que la obra de mejora requiera una derrama". Ver, Exposición de Motivos, Ley 129-2020.

Las resoluciones y acuerdos, adoptados en asambleas debidamente convocadas y constituidas, serán de ineludible cumplimiento por todos y cada uno de los titulares, ocupantes o residentes y demás personas que se relacionen con el condominio. Artículo 48 de la Ley de Condominios de 2020, 31 LPRA sec. 1922t.  En el ejercicio y el reclamo de sus derechos, los titulares actuarán conforme a los principios de la buena fe, de la prohibición de ir en contra de sus propios actos y la del abuso del derecho. Artículo 2 de la Ley de Condominios de 2020, 31 LPRA sec. 1921a.

En cuanto a las impugnaciones de acciones u omisiones de la Junta de Directores, el Administrador Interino y los Acuerdos y Determinaciones del Consejo, el Artículo 65 de la Ley de Condominios de 2020, 31 LPRA sec. 1923j, establece, en lo aquí pertinente, lo siguiente:

> Las acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador, así como los acuerdos del Consejo de Titulares podrán ser impugnados por los titulares en los siguientes supuestos:
>
> a) cuando sean contrarios a esta Ley, la escritura matriz y reglamento del condominio;
> b) cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular;
> c) cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.
> […]

Agrega el referido Artículo 65, que, el "titular que prevalezca en cualquier reclamación de su querella no tendrá que contribuir a los honorarios o gastos legales en que incurra la Junta o el Consejo de Titulares, ni a la multa que, en su caso, pudiera imponérsele a la parte querellada." 31 LPRA sec. 1923j.

A tenor con la antes mencionada normativa, disponemos.

### III.

En los señalamientos de error, la parte recurrente plantea, a grandes rasgos, que como se les eximió del pago de la derrama

del 5 de octubre de 2019, la derrama posterior, aprobada el 14 de agosto de 2021, era nula.  Aducen que esta derrama requería la unanimidad de votos.  Revisamos.

De los hechos aquí reseñados, surge que el 14 de febrero de 2022, el Tribunal de Primera Instancia, declaró nulo el permiso de construcción número 2020-344034-PCOC-010814 que se le había otorgado al Consejo de Titulares del Condominio Sol y Playa. Ese permiso era para la construcción de una nueva piscina, jacuzzi, baños, gazebos, entre otros.  Posterior a esa decisión, el 28 de febrero de 2023, el DACo emitió una *Resolución Sumaria,* para dejar sin efecto la derrama que se había aprobado el 5 de octubre de 2019. Así también, ordenó la devolución del dinero pagado por concepto de la derrama anulada.

Entretanto, el 14 de agosto de 2021, el Condominio había celebrado una asamblea extraordinaria.  Allí, la mayoría de los miembros del Consejo de Titulares aprobó una derrama para cubrir ciertos gastos que incluían el de seguridad y la contratación de la representación legal.

Los recurrentes cuestionaron esa derrama ante el DACo y el ente administrativo celebró las vistas.  En su quehacer, el foro revisado evaluó la prueba testifical y documental, incluyendo, la convocatoria y la minuta de referida asamblea extraordinaria. Tras el análisis de rigor, el DACo desestimó las querellas de los recurrentes al concluir que la nulidad de la derrama del 5 de octubre de 2019 no se extendió a ninguna otra derrama que el Consejo de Titulares hubiese aprobado.  En particular, a la derrama aprobada el 14 de agosto de 2021, el DACo decretó que, "[t]anto del testimonio vertido en la vista como de la convocatoria y la Minuta presentada por la parte querellante surge que la aprobación respondió a medidas como la contratación de guardias de seguridad, la contratación de representantes legales, y

asesores para atender los asuntos del Condominio en ese momento. La derrama tuvo un propósito legítimo." El DACo pudo corroborar que la derrama fue para suplir otro tipo de gastos. Razonó, a su vez, que "[l]a derrama aprobada no es una obra de mejora que requiera unanimidad."

Esta determinación merece nuestra deferencia. Validamos de la Minuta de la asamblea del 14 de agosto de 2021, que la derrama era para cubrir ciertos gastos, entre estos, la contratación de los servicios legales y guardias de seguridad.[13] Esta información, quedó sustentada con la prueba testifical que se presentó ante el DACo y que no fue rebatida en nuestro foro revisor. Ello, pues la parte recurrente no incluyó ante nuestra consideración la transcripción del testimonio vertido en el proceso administrativo para nosotros aquilatarlo. En ausencia de tal prueba, no se podrá descartar la determinación impugnada. Por tanto, prevalece el criterio de la agencia.

Así que, validamos la determinación de DACo de desestimar las querellas de epígrafe. La determinación es razonable y es adecuada a tenor con la Ley de Condominios, que afirma que solo se requiere la unanimidad en las derramas aprobadas para las obras de mejora.

En el tercer señalamiento, los recurrentes alegan que la convocatoria para la asamblea extraordinaria del 14 de agosto de 2021, era defectuosa, pues la asamblea se celebró en Mayagüez; en la convocatoria no se relacionó las cantidades específicas de las derramas. Adujeron que tampoco se sometieron documentos en apoyo, ni se notificaron los presupuestos operacionales 2020-2021 & 2021-2022, lo cual es un acto contrario a la ley.

---

[13] SUMAC TA, apéndice 18.

Para sustentar su alegación en cuanto a que la asamblea se celebró en Mayagüez y no en Rincón, la parte recurrente aludió a la sección 2.6 del Reglamento del Condominio Sol y Playa de fecha 20 de agosto de 1998.   No obstante, no incluyeron el referido reglamento para nuestra revisión.

En cuanto a las alegaciones sobre la falta de documentos en la convocatoria, los recurrentes no fundamentaron sus alegaciones con disposiciones legales que sustenten su petitorio. No obstante, el DACo determinó que "las partes querellantes fueron debidamente convocadas".   Esta aseveración también merece nuestra deferencia.

El Artículo 50 de la Ley de Condominios solo requiere que la convocatoria esté "firmada por la persona o personas que convoquen e indicará los asuntos a tratar y hora, día y lugar de la reunión." 31 LPRA sec. 1922v.   Revisamos que la convocatoria del 8 de agosto de 2021 cumplió con lo anterior.   Por tanto, no encontramos razón para intervenir en la determinación recurrida.

**IV.**

Por los fundamentos antes expuestos, confirmamos la *Resolución* emitida por DACo.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones