ASOCIACIÓN AUTÉNTICA DE EMPLEADOS MUNICIPALES ÁREA NORTE DE PUERTO RICO, CAPÍTULO DE BAYAMÓN, demandante y recurrida, *v.* MUNICIPIO DE BAYAMÓN, HON. RAMÓN LUIS RIVERA, ALCALDE, demandado y recurrente.

*Número:* R-81-14    *Resuelto:* 30 de junio de 1981 ·

*Emilia M. Román Nevárez*, abogada del recurrente; *Neftalí Hernández González*, abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

El 9 de febrero de 1981 requerimos de la demandante-recurrida mostrar causa por la cual no debía expedirse el auto solicitado y disponer la revocación de la sentencia dictada por el Tribunal Superior, Sala de Bayamón. Su comparecencia no nos persuade.

Se trata de una demanda de sentencia declaratoria incoada por la Asociación Auténtica de Empleados Municipales de Bayamón contra el Municipio de Bayamón en que reclama el pago de $15.00 por asociado, que alega tener derecho a recibir en virtud de la Ley Núm. 98 del 25 de junio de 1962 (3 L.P.R.A. sec. 756) y la Ley Núm. 95 del 29 de junio de 1963 (3 L.P.R.A. secs. 729a a 729*l*).

La Asociación Auténtica es una agrupación *bona fide* de servidores públicos organizada por empleados del Municipio de Bayamón, debidamente certificada como tal por el Secretario del Trabajo de Puerto Rico de conformidad con el Art. 1 de la Ley Núm. 139 de 30 de junio de 1961 (3 L.P.R.A. sec. 755(a)). Tiene derecho, por tanto, a los beneficios dispuestos en el Art. 1 de la Ley Núm. 98 de 25 de junio de 1962 (3 L.P.R.A. sec. 756(a)), que dispone:

> (a) Se autoriza a las asambleas municipales a incluir en sus presupuestos anuales una partida para el pago del cincuenta por ciento (50%), de las primas individuales correspondientes a los planes de servicios medico-quirúrgicos y de hospitalización a que estén acogidos cualesquiera de los empleados del municipio en cuestión, en su calidad de miembros de una agrupación *bona fide* de servidores públicos tal como las define el inciso (a) de la sec. 755 de este título. Las aportaciones de los gobiernos municipales por concepto de tales primas no podrán exceder en ningún caso las aportaciones correspondientes a ser pagadas por el Gobierno Estadual y los gobiernos municipales en cuanto a cualesquiera de sus empleados respectivos en virtud del contrato que celebre el Comisionado de Seguros a tenor con lo dispuesto en la Ley Núm. 466, aprobada en 25 de abril de 1946, enmendada.

Desde el 24 de enero de 1978 al 1 de noviembre de 1978 el Municipio de Bayamón aportó la cantidad de $15.00 mensuales por empleado asociado, independientemente de las cantidades que el asociado autorizaba a que se le descontaran de su sueldo para el plan médico.(¹) A partir del 1 de noviembre de 1978 el municipio redujo su aportación de quince dólares mensuales y la graduó al 50% de las primas individuales correspondientes a los planes de los miembros asociados,(²) basándose en Opinión del Secretario de Justicia de 5 de octubre de 1978.

La Asociación demandó al municipio. Alegó, en síntesis, que el Municipio de Bayamón viene obligado a aportar a los planes médico-quirúrgicos y de hospitalización el máximo permisible bajo la Ley Núm. 98 de 1962, y que se le había dado una interpretación muy restrictiva a dicha ley, ya que los otros municipios le habían pagado el máximo permisible bajo la ley, sin tomar como base lo aportado por el empleado al plan.(³)

El juez de instancia, sin celebrar vista, y a base de documentos y alegatos presentados, dictó sentencia a favor de la parte demandante. Concluyó que tanto la Ley Núm. 95 de 1963 como la Núm. 98 de 1962 eran aplicables a empleados municipales y que sería una injusticia el permitir "que al empleado municipal que disfruta de servicios médico-quirúrgicos y de hospitalización bajo la Ley 93, [sic se] le reconozca una aportación patronal de $25.00 y al empleado municipal miembro de una agrupación bonafide bajo Ley 98 [sic se] le reconozca solamente la mitad de la cuota que por servicios médicos le cobra la parte demandante a sus asociados". Al así hacerlo erró.

---

(¹) En ese período los $15.00 eran el máximo que aportaba el gobierno bajo la Ley Núm. 95 de 29 de junio de 1963, conocida como la Ley de Beneficios de Salud para Empleados Públicos. Actualmente asciende a $25.00.

(²) Para esa fecha era $9.00 mensuales.

(³) Al dictar sentencia, bajo la interpretación dada por la Asociación, el municipio le debía $131,000.

■ Habiéndose decidido el caso a base de documentos y siendo la controversia una de Derecho, estamos en iguales condiciones que el tribunal de instancia para apreciar la prueba. *Díaz de Diana* v. *A.J.A.S. Ins. Co.*, 110 D.P.R. 471 (1980); *Ortiz* v. *Cruz Pabón*, 103 D.P.R. 939, 947 (1975).

■ Mediante legislación se ha creado una distinción entre planes municipales de servicios médico-quirúrgicos de agrupaciones *bona fide* de servidores públicos y aquellos planes de beneficios médico-quirúrgicos autorizados por el Secretario de Hacienda, con el asesoramiento del Comisionado de Seguros, mediante contratos y sobre bases voluntarias. El primero se rige por las secs. 755 a 756a y el segundo por las secs. 729a a 729*l*, del título 3 L.P.R.A.

■ La única tangencia entre estas dos leyes es lo dispuesto en la sec. 756, que prohíbe que las aportaciones del gobierno municipal a las agrupaciones *bona fide* excedan las aportaciones pagadas por el Estado bajo los contratos de servicios médico-quirúrgicos desarrollados bajo la Ley Núm. 95 de 1963. Nótese que la Ley no prohíbe que se aporte menos, sólo que se aporte más de lo que el Estado aporte bajo el otro plan.

Surge del texto de la Ley que la intención legislativa no fue que los municipios tuvieran que pagar el máximo permitido ni que tuvieran que pagar lo mismo que pague el Estado bajo otros planes. Solamente establece un máximo de lo que puede aportar el municipio, tomando como base el límite aportado por el Estado bajo la Ley Núm. 95, *supra.*

Habiendo el Municipio de Bayamón graduado su aportación a un 50% de las primas individuales de los miembros asociados, estaba actuando conforme a la ley. Si la Asociación necesitaba más dinero tenía que incrementar la aportación de su miembros para que el municipio contribuyera más, siempre tomando en cuenta el límite establecido por ley.

El juez de instancia también erró al adoptar como conclusión de hecho: "Resulta muy persuasivo, que todos los municipios que reconocen a la parte demandante como agrupación bona-fide en representación de sus empleados y que están cubiertas por la misma Ley 98 [*sic*] que hemos discutido, hayan estado pagando, sin objeción de clase alguna la cantidad de $15.00 hasta el 31 de diciembre de 1978 y $25.00 desde el 1ero. de enero de 1979 en adelante."

El récord está desprovisto de prueba que sostenga dicha afirmación. Esto no fue incluido en el "Informe Conjunto De Estipulación Sobre Hechos Indisputados" suscrito por las partes el 10 de octubre de 1980. En su comparecencia la demandante-recurrida argumenta que por haber estado incluida esa aseveración en su teoría del caso, la parte demandada venía obligada a traer prueba para desmentir la alegación. Al así hacerlo hace caso omiso de la Regla 10(B) de Evidencia la cual dispone: "La obligación de presentar evidencia primeramente recae sobre la parte que sostiene la afirmativa en la cuestión en controversia."

Meras alegaciones o teorías no constituyen prueba. La parte demandada no tenía necesidad de rebatir dichas alegaciones desprovistas de prueba que las sostuvieran. El tribunal de instancia tampoco las debió tomar en consideración.

*Por los fundamentos expresados, se expedirá el auto de revisión y se revocará la sentencia recurrida.*

El Juez Presidente Señor Trías Monge no intervino.