Arbona Lago, Juez Ponente
*1097 TEXTO COMPLETO DE LA SENTENCIA
Antecedentes
La causa de revisión del epígrafe fue presentada el 19 de mayo de 2004. Atendido que se ataca la apreciación que de la prueba oral se practicó ante el foro administrativo del Departamento de Asuntos del Consumidor (DACO), el 16 de marzo de 2004, el recurrente unió a la petición un escrito titulado “Moción Para Solicitar la Reproducción de la Prueba Oral”, lo que ordenamos el 23 de septiembre de 2004.
El 24 de noviembre de 2004 y en 27 páginas tamaño legal, el recurrente presentó “Proyecto de Exposición Narrativa de la Prueba Oral”. Tal exposición se verificó en el formato de preguntas y respuestas, dando la impresión de que se obtuvo de una grabación del proceso.
Mediante Resolución del 5 de noviembre de 2004 concedimos término a la parte recurrida para presentar oposición fundada al “proyecto”, con apercibimiento que de no efectuarse se tomará como correcto. Mediante “Moción Informativa y Solicitud de Prórroga” de 1 de diciembre de 2004, DACO solicitó prórroga de 15 días y se le concedieron 20 días, a vencer el 20 de diciembre de 2004, para ello.
Debido al incumplimiento a lo ordenado, el 31 de enero de 2005 aceptamos como correcta la exposición narrativa respecto a la prueba oral practicada ante el foro administrativo del DACO y concedimos a la parte promovida 30 días para presentar su alegato. Con el beneficio de ambos alegatos, pasamos a resolver.
Hechos
I
El querellado-recurrente, Jardín de Oro, Inc. es un ente corporativo sin fines de lucro con licencia para operar un hogar de ancianos y ancianas dentro de la municipalidad de Guaynabo, Puerto Rico, con capacidad máxima de 84 camas. Además de albergue y alimentación diaria, se ofrecen otros servicios necesarios a dicha población, sujeto a contrato escrito.
Aún y cuando lo normal y corriente es que se acuerden contratos de un año, es posible que se pacte a menor tiempo, en cuyo caso la tarifa será proporcional.
Para beneficio de su señora madre, Sra. Milagros Torres de Barasorda (también conocida por Sra. Milagros Torres Goicoechea), el Sr. Eligió Barasorda Torres la ingresó en Jardín de Oro, Inc. a finales del 2000, conforme a contrato, que en su parte aquí pertinente dispone:

“1. Que el ARRENDADOR cede en calidad de arrendamiento el espacio determinado en el Contrato de 
*1098
Reservación.

2.Que los servicios que el ARRENDADOR prestará al ARRENDATARIO serán los dispuestos en la Hoja de Servicios.

3. Que el canon de arrendamiento será la cantidad de MIL OCHOCIENTOS DOLARES ($1,800.00) mensuales.

4. Se acuerda una fianza equivalente a un mes de renta la cual se estipula en el Contrato de Fianza que es parte de este contrato.

5.
6..
7. Que este contrato puede ser finalizado entre las partes con una notificación por escrito de treinta (30) días calendarios de anticipación a la fecha de dicha solicitud.
8.

9. Este contrato es válido por un término de un (1) año calendario a partir del día Iro de mes próximo más cercano a la fecha de firmado. Dicho contrato puede ser renovado treinta (30) días antes de su vencimiento mediante acuerdo entre las partes.

10.
11.".
El contrato fue originalmente suscrito el 29 de diciembre de 2000 y renovado para el 2001 y 2002.
Consta de autos que el 5 de enero de 2001, el querellante-recurrido, Sr. Barasorda Torres, suscribió el siguiente “Contrato de Fianza
CONTRATO DE FIANZA
El propósito de este contrato es informar al cliente o fiador de los términos bajo los cuales el depósito será reembolsado. La política es como sigue:

“El depósito de fianza no se utilizará como renta para ningún período y bajo ninguna circunstancia será usado como la renta del último mes. Será reembolsado al Arrendatario sujeto a las siguientes condiciones:

1. Que el contrato llegue a su término.

2. Se notifique por escrito con treinta (30) días de anticipación la intención de desocupar el espacio.

3. Que no hayan daños por parte del cliente, excepto el uso y deterioro normal esperado. Que no hayan cargos pendientes de renta.

4. Que haya completado los documentos de bajo de la institución.

5. Caso de fallecimiento. ”
*1099 De autos consta que estando vigente la tercera renovación del contrato, que cubre de enero a diciembre, el 24 de junio de 2003 a las 2:30 p.m. (Ap., pág. 5), el Sr. Barasorda Torres entregó a un representante del hogar Jardín de Oro, Inc. la siguiente comunicación escrita:

“Con la presente, le notifico que la Sra. Milagros Torres de Barasorda dejará de residir el jueves 26 de junio de 2003 en la institución.

Una vez más le agradezco el buen trato de su personal con mi madre.

Atentamente,

(fdo.) Eligió Barasorda”

El 26 de junio de 2002, la Sra. Milagros Torres de Barasorda abandonó la institución Jardín de Oro, Inc. y tiempo después, su hijo, el Sr. Eligió Barasorda Torres, solicitó la devolución de la fianza de $1,800 prestada. El hogar de ancianos denegó la solicitud, amparado en que no recibieron la notificación de desalojo con 30 días de anticipación, conforme a lo contratado.
El asunto fue objeto de querella administrativa ante el DACO, fundado en que a pesar de lo suscrito en el contrato de arrendamiento y en el de fianza, el Sr. Barasorda Torres sostiene que próximo a la fecha de la salida de la Sra. Milagros Torres de Barasorda, un funcionario del hogar se comprometió a devolverle íntegramente el depósito.
DACO, en la resolución del 17 de marzo de 2004, aquí recurrida, dispuso que:

“1. Para el 15 de junio de 2003, la parte querellante se comunicó con el administrador Antonio Fernández notificándole que por haber localizado otras facilidades con mejores atenciones a su madre, deseaba moverla de Jardín de Oro, Inc. Por nunca haber recibido copia del contrato, solicitó orientación sobre la devolución de la Fianza. El Sr. Antonio Fernández le indicó que notificara por escrito su intención de desocupar las facilidades y a los 30 días de recibida, le devolvería el depósito.

2. El 24 de junio de 2003, la parte querellante notificó por escrito a Jardín de Oro, Inc. que el 26 de junio de 2003 estaría removiendo a su madre de sus facilidades de Jardín de Oro, Inc. ”

(Ap., pág. 13 y 14).
Finalmente, DACO resolvió:

“La prueba desfilada demostró que ante la solicitud de la devolución de la fianza, la parte querellada se comprometió a devolver el mismo, a los 30 días de ser notificado por escrito la intención de desalojo de la madre del querellante de las facilidades de Jardín de Oro, Inc.

La querellada tenía conocimiento que la parte querellante no estaba en posesión de una copia del contrato, y por consiguiente, le indujo a error cuando no le advirtió sobre la política establecida para la devolución del depósito. Sin embargo, los hechos establecidos configuran una obligación contractual distinta a la contenida en el contrato de fianza. Procede la obligación de devolver el depósito en virtud del Artículo 1044 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 2994.

La naturaleza de la obligación es contractual, no del contrato de fianza, sino del compromiso establecido por el Sr. Antonio Fernández al empeñar la palabra en devolver el depósito. González v. Centex, 103 DPR 83 (1974); Pereira v. Ibec, 95 DPR 28 (1967).

*1100
Reconocemos el contrato verbal entre las partes según se ha expuesto en la determinación de hechos número 6 de la presente resolución.

(Ap., pág. 14-15).

y ordenó la devolución de los $1,800 e impuso al recurrente la suma de $700 en calidad de honorarios de abogado por temeridad. ”

No conforme, Jardín de Oro, Inc. recurre en la causa del epígrafe y señala que DACO erró de la siguiente forma:

“Primero. La jurisdicción administrativa del DACO, entendiendo por tal la facultad delegada de adjudicar querellas y controversias entre los consumidores y los comerciantes, es inconstitucional. La delegación de poderes así efectuada por la Legislatura de Puerto Rico vulnera nuestra Constitución, Artículo II (CARTA DE DERECHOS) al privar a los comerciantes de su propiedad sin el debido proceso de ley.

Segundo. El DACO adjudicó este caso sin jurisdicción sobre la materia.

Tercero. Cometió error de hecho y de derecho la Agencia recurrida y apreció la evidencia con pasión, prejuicio y parcialidad, al adjudicar que Jardín de Oro tiene que devolver la fianza.

Cuarto. Erró el DACO al imponer honorarios de abogado a la querellada. ”

Exposición y Análisis
Nos dirigimos primeramente a los dos primeros señalamientos que atienden a la jurisdicción del foro administrativo.
Por tratarse de un asunto ya resuelto, es de rigor denegarlo sin ulterior exposición. Caribe Comms., Inc. v. P.R.T. Co., 157 D.P.R. _ (2002), 2002 J.T.S. 91.
“Valga aclarar, finalmente, que si bien se les puede conferir a los organismos administrativos la facultad, en determinadas circunstancias y con estricta sujeción a los dictados del debido proceso de ley, de adjudicar querellas, esto a su vez impone una obligación especial a los tribunales de ser especialmente cuidadosos en revisar las decisiones en este campo para proteger la ciudadanía contra posibles actuaciones arbitrarias. Cuando el administrador puede no solamente dirigir, sino también castigar, el rigor de la revisión judicial debe por fuerza incrementarse. Davis, K.C.: Discretionary Justice, Louisiana State Univ. Press, Baton Rouge, 1969, passim; Gellhorn, W. ob.cit. 285. ” Hernández Denton v. Quiñones Desdier, 102 D.P.R. 218, 223 y 224 (1974).
Procedemos a atender los siguientes dos señalamientos finales.
Como se sabe, en esta jurisdicción, la función revisora de los tribunales apelativos respecto a dictámenes administrativos es limitada y debemos conferir un alto grado de deferencia al foro especializado. Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R., 144 D.P.R. 425 (1997); Metropolitana S.E. v. A.R.P.E., 138 D.P.R. 200 (1995). Ello es así, por razón de que tales procedimientos tienen a su favor una presunción de regularidad y corrección que ha de ser respetada, Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692, 699 (1975), y además porque son agencias que, de ordinario, cuentan con la experiencia y conocimientos especializados sobre los asuntos que se encuentran bajo su encomienda. Fac. C. Soc. Aplicadas, v. C.E.S., 133 D.P.R. 521, 533 (1993).
Sin embargo, la deferencia reconocida no equivale a la renuncia de nuestra función revisora en instancias *1101 apropiadas y meritorias, como resulta ser cuando la agencia actúa de forma arbitraria, ilegal, irrazonable o cuando la determinación no se sostiene por prueba sustancial existente en la totalidad del expediente. Reyes Salcedo v. Policía de P.R., 143 D.P.R. 85, 95 (1997); Misión Ind. P.R. v. J.P. y A.A.A., 142 D.P.R. 656, 673-74 (1997); Fuertes y otros v. A.R.P.E., 134 D.P.R. 947 (1993).
La Sección 4.5 de la Ley Núm. 170 de 12 de agosto de 1988 (L.P.A.U.) establece los límites al alcance de la revisión judicial de decisiones administrativas. A tal fin, establece que, de ordinario, los tribunales no intervendrán con las determinaciones de hechos de un organismo administrativo cuando están fundamentadas en suficiente evidencia sustancial que surja del expediente administrativo considerado en su totalidad. 3 L.P.R.A. 2175. Asoc. Vec. H. San Jorge v. U. Med. Corp., 150 D.P.R. 70 (2000). Entendemos que evidencia sustancial se refiere a aquella "evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". Mun. de San Juan v. J.C.A., 152 D.P.R. _, 2000 J.T.S. 193; Adm. de Terrenos v. U.I.E.A.T., 149 D.P.R. 65 (1999); Ramírez v. Depto. de Salud, 147 D.P.R. 901 (1999); Misión Ind. P.R. v. J.P., 146 D.P.R. 64 (1998); Hilton Hotels v. Junta Salario Mínimo, 74 D.P.R. 670, 687 (1953); Fac. C Soc. Aplicadas v. C.E.S., 133 D.P.R. 521 (1993).
En ese contexto, “evidencia sustancial” es aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. La evidencia debe ser considerada en su totalidad, incluyendo tanto aquélla que sostenga la decisión administrativa como también la que menoscabe el peso que la agencia le haya conferido. Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R., 144 D.P.R. 425 (1997).
La parte que impugna la determinación de la agencia tiene el peso de probar que el dictamen fue arbitrario, irrazonable o que se tomó en ausencia de evidencia sustancial, todo lo cual implica error manifiesto. Gallardo v Petiton, 132 D.P.R. 39 (1992); Henríquez v. C.E.S., 120 D.P.R. 194 (1987); Rivera Pérez v. Cruz Corchado, 119 D.P.R. 8 (1987); Quintana Tirado v. Longoria, 112 D.P.R. 276 (1982). Para que un tribunal pueda concluir que la evidencia que obra en el expediente administrativo y sobre el cual la agencia fundamentó su dictamen no es sustancial, la parte afectada debe demostrar que existe “otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que un tribunal no pueda, concienzudamente, concluir que la evidencia sea sustancial, en vista de la totalidad de la prueba presentada... y hasta el punto que se demuestre claramente que la decisión de la [agencia] no está justificada por una evaluación justa del peso de la prueba” que tuvo ante su consideración. Metropolitana S.E. v. A.R.P.E., 138 D.P.R. 200 (1995); Hilton Hotels v. Junta Salario Mínimo, 74 D.P.R. 670 (1953).
Salvo que se demuestre en autos que existe otra prueba en el récord que razonablemente reduce o menoscaba el peso de tales determinaciones y debe demostrar que éstas no están justificadas por una evaluación justa del peso de la prueba que tuvo ante su consideración el foro administrativo. Adm. de Terrenos v. U.I.E.A.T., supra; Domínguez v. Caguas Expressway Motors, Inc., 148 D.P.R. 387 (1999); Ramírez v. Depto. de Salud, supra; Metropolitana S.E. v. A.R.P.E., supra; Hilton Hotels v. Junta de Salario Mínimo, supra.
Cuando al tribunal revisor se le demuestra que en autos existe prueba que menoscaba las determinaciones de hechos de la agencia, el tribunal debe proceder a reexaminar el expediente administrativo en su totalidad para determinar si las conclusiones de hechos encuentran apoyo suficiente en evidencia sustancial; de lo contrario, la determinación administrativa no debe ser sostenida por el tribunal de revisión. Ramírez v. Depto. de Salud, supra; Domínguez v. Caguas Expressway Motors, Inc., supra. Esta norma tiene el propósito de evitar que la parte afectada impugne las determinaciones de hechos con meras alegaciones, a la vez que sostiene la presunción de corrección y legalidad de que disfrutan las decisiones administrativas. Ramírez v. Depto. de Salud, supra; Com. Vec. Pro-Mej., Inc. v. J.P., 147 D.P.R. 750 (1999); Catalytic Ind. Maint. Co. v. F.S.E., 121 D.P.R. 98, 101-02 (1988); Henríquez v. Consejo de Educación Superior, 120 D.P.R. 194, 210 (1987); Murphy Bernabé v. Tribunal Superior, supra.
*1102 Hemos leído y estudiado íntegramente la exposición narrativa y la documentación contractual habida entre los litigantes en autos y arribamos a la conclusión de que el foro administrativo erró. La determinación recurrida no está sostenida por prueba sustancial ante la totalidad del récord.
Primeramente, consta indubitadamente claro del sencillo Contrato de Arrendamiento (Ap., pág. 6), así como del Contrato de Fianza, que la garantía de $1,800 se retendrá en caso de que el Sr. Eligió Barasorda incumpla con su obligación de informar con no menos de 30 días calendario que retirará del hogar de ancianos a la Sra. Torres de Barasorda, antes de que venza el plazo contractual del año entonces en curso.
Tal cláusula es del todo usual y se entiende necesaria y aconsejable para la buena marcha de la institución. El plazo de anticipo facilita que la institución organice su personal, nómina, gastos, etc., e inclusive entre en el proceso de planificar la asignación de nuevo usuario o cliente, en forma razonable. (Exposición Narrativa, págs. 21-22).
Contra tal diáfano, lógico y cotidiano acuerdo escrito y suscrito, no es razonable acoger un testimonio altamente matizado por la imprecisión para derrotar lo suscrito en el contrato, con meramente aducir lo que en el directo señala el querellante-recurrido, al efecto de que:
"... yo no tengo copia del contrato y se que hay un dinero de depósito, el cual, pues, obviamente, a mi señora madre le hace falta. Quiero que me explicas (sic) cuáles son los pasos que yo tengo que tomar para que ese dinero me lo devuelvas. El me dice ah, no, no hay ningún problema, señor Barasorda. Ponme una carta por escrito cuándo es que tu tienes idea de sacar a tu señora madre del lugar y al cabo de los treinta días nosotros te devolvemos el dinero de depósito. Hago la carta, llega la fecha en que saco a mi mamá, la retiro, no hay ningún problema. ” (EN, pág. 7)
Y luego en el contrainterrogatorio expuso:

“P. Bien. ¿ Y cuándo es que usted avisa por primera vez a Jardín de Oro que se va a llevar a su mamá de allí?

R. Cuando hablé con el señor Fernández, como dos o tres semanas antes de llevarme a mi mamá, el día que me la llevé debe estar por ahí, no me recuerdo el día exacto, obviamente, pero debe estar por ahí el día que mi mamá termina allí.

P. Mire a ver su comunicación, Exhibit 4, mírelo aquí.

R. (Examina el documento) Pues mi mamá dejó de residir el 26 de junio.

P. ¿ Y eso cuándo se lo dijo a Jardín de Oro?

R. Yo hablo con el señor Fernández como 2 semanas antes.

P. Dos semanas antes, bien. ¿Yse lleva su madre el día? ¿Se recuerda?

R. El día 26.

P. Ese día 26. Ahí pone unas anotaciones de Jardín de Oro que eso se recibió dos días antes.

R. ¿Dos días antes del 26? Está bien, sí.

P. Si.

*1103
R. ¿La carta?

P. Sí, la carta.

R. Está bien.

P. La carta. O sea, que, don Eligió...

R. Yo lo que estipulo es que hablé con el señor Fernández dos semanas antes. ”

(EN, pág. 15).
Evidencia sustancial capaz de sostener la actuación administrativa "... es aquélla que una mente razonable podría aceptar como adecuada para sostener una conclusión”. Hilton v. J.S.M., 74 D.P.R. 670, 687 (1953).
“Evidencia sustancial quiere decir evidencia tan relevante que una mente razonable acepte como adecuada para sostener la conclusion. ” Atlantic Southern Co. v. López Castro, 86 D.P.R. 79, 90 (1962).
Es norma reiterada que meras alegaciones y teorías, como tampoco argumentos forenses, constituyen prueba. Pressure Vessels of P.R. v. Empire Gas of P.R., 137 D.P.R. 497 (1994); Reece Corporation v. Ariela, Inc., 122 D.P.R. 270, 286 (1988); Asociación Auténtica de Empleados Municipales Area Norte de P.R. v. Municipio de Bayamón, 111 D.P.R. 527, 531 (1981). Conjeturas o especulaciones no constituyen hechos probados. Morales v. Clínica Femenina de P.R., 135 D.P.R. 812, 814 (1994); Asoc. Auténtica v. Municipio de Bayamón, supra.
El Sr. Barasorda Torres, en el directo, primeramente señala que por teléfono le dijeron: “Ponme una carta por escrito cuándo es que tu tienes idea de sacar a tu señora madre del lugar y al cabo de los treinta días nosotros te devolvemos el dinero depositado. Hago la carta, ... ”.
Es obvio que el acuerdo de arrendamiento como el de fianza requieren que se conceda 30 días de notificación escrita antes de proceder a la cancelación del acuerdo anual, por ambas partes y en caso de que no cumpla la Sra. Torres de Barasorda, responderá la fianza. No es razonablemente posible que se sirva bien a los fines de la justicia contractual el permitir que con un galimatías verbal se acepte desvirtuar el acuerdo doblemente escrito, para dar otro tenor al término de 30 días (no ya para dar aviso de desalojar, pero para devolver la fianza de $1,800) cuando el acuerdo escrito sólo dispone 15 días (no 30) para la devolución de la fianza cuando proceda.
II
Por otro lado, se trata de una cláusula penal amparada en el Art. 1106 del Código Civil, 31 L.P.R.A. see. _, que permite su moderación en causa justificada. WRC Props, Inc. v. Santana, 116 D.P.R. 127 (1985); Jack’s Beach Resort, Inc. v. Compañía de Turismo de P.R., 112 D.P.R. 344 (1982).
Entendemos que en la medida en que la fianza pretende conceder al hogar de envejecientes un margen de 30 días plazo para adaptarse a la salida del cliente asilado cuando se pretende desalojar antes de vencido el contrato y el Sr. Eligió Barasorda notificó la salida de su señora madre por escrito el 24 de junio de 2003 y la sacó del Hogar el 26 de junio de 2003, tiene derecho a la devolución proporcional de la fianza, lo que implica una devolución de $120.00 por los dos días de aviso previo. ($1,800 H- 30 = $60 x 2 = $120.00). Conforme a lo resuelto, no podemos concurrir en que Jardín de Oro Corp. incurrió en temeridad de clase alguna.
Dictamen
Conforme a lo señalado, expedimos el auto de revisión solicitado para modificar la. resolución recurrida. *1104 Reducimos de $1,800 a $120.00 el monto a devolver por Jardín de Oro Corp. al Sr. Barasorda Torres. Se elimina en su totalidad la imposición de honorarios por la cantidad de $700.00.
Lo acordó y manda el Tribunal y. lo certifica la Secretaria Interina.
Mildred Ivonne Rodríguez Rivera
Secretaria Interina del Tribunal de Apelaciones